# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| YI MEI ZHEN, | ) CASE NO. 3:25-CV-2812 |
| Petitioner, | ) |
| | ) U.S. DISTRICT JUDGE |
| | ) CHARLES E. FLEMING |
| v. | ) |
| | ) U.S. MAGISTRATE JUDGE |
| JOHN DOE, ACTING DIRECTOR, | ) JENNIFER DOWDELL ARMSTRONG |
| DETROIT ICE FIELD OFFICE FOR | ) |
| ENFORCEMENT AND REMOVAL | ) **REPORT AND RECOMMENDATION** |
| OPERATIONS | ) |
| Respondent. | ) |

## I.      RECOMMENDATION REGARDING MERITS

Now pending is Yi Mei Zhen's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). The basis for the Petition is Petitioner's argument that she is "being unlawfully detained because she was never provided an explanation for the revocation of her release, she is entitled under the due process clause to a hearing at which the DHS will have the burden of establishing by clear and convincing evidence that she would pose a danger to the public or a risk of flight, without regard to the likelihood of the her removal in the reasonably foreseeable future, in order to justify her continued detention, and, because, in any event, there is no reasonable likelihood that she will be removed from the United States in the foreseeable future." (ECF No. 1-1., PageID # 10.)

Respondent filed a Return of Writ and Motion to Dismiss on February 23, 2026. (ECF No. 6). On March 30, 2026, Respondent filed a Notice of Mootness. (ECF No. 7). The Notice of

1

Mootness stated that because Petitioner was removed from the United States to China on March 24, 2026, there is no longer a live, actionable controversy because Petitioner is no longer being detained. (*Id.*) Thus, the Notice of Mootness maintains that this case is now moot.

On March 30, 2026, I directed Petitioner to file a response to the Notice of Mootness on or before April 6, 2026. (Non-document order dated March 30, 2026). Petitioner timely filed her response on April 6, 2026, stating that "Petitioner does not oppose the dismissal of this action for mootness" based on her removal from the United States on March 24, 2026. (ECF No. 8).

"The jurisdiction of federal courts is limited to 'actual, ongoing controversies between litigants." *Enazeh v. Davis,* 107 Fed. App'x 489, 491 (6th Cir. 2004) (citing *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988); *Grider v. Abramson*, 180 F.3d 739, 746 (6th Cir.1999)). "An actual controversy must exist at all stages of review." *Id.* (citing *Thomas Sysco Food Servs. v. Martin*, 983 F.2d 60, 62 (6th Cir.1993)). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Id.* (citing *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986)).

The Sixth Circuit in *Enazeh* held that the § 2241 habeas petition in that case was rendered moot by Petitioner's removal. *Id.* ("Enazeh's August 2003 deportation has rendered his first two claims for relief moot. Enazeh sought release from detention pending his removal from the United States and an injunction against execution of the removal order. Because he has already been deported, the court can no longer grant the requested relief."). Other courts in this district have also determined that once a petitioner has been removed from the United States, the petition seeking relief from detention becomes moot due to a lack of a live case or controversy. *Thabet v. Adducci,* No. 4:18 CV 611, 2018 WL 4271044, at *3 (N.D. Ohio July 23, 2018), *report and recommendation adopted*, 2018 WL 4266050 (N.D. Ohio Sept. 6, 2018) (citing *Frimpong v.*

*Sessions*, 2018 WL 2422038 (N.D. Ohio Apr. 2, 2018), *report and recommendation adopted* 2018 WL 2417841 (N.D. Ohio May 29, 2018); *Giborowski v. Napolitano*, No. 1:13 CV 296, 2013 WL 3187255 (N.D. Ohio June 20, 2023); *Lin Su Fang v. Holder*, No. 1:11 CV 313, 2011 WL 2784496, at *3 (N.D. Ohio July 15, 2011)). Other courts have held similarly. Thabet, 2018 WL 4271044, at *3 (citing *G.S. v. Holder*, 373 F. App'x 836, 844 (10th Cir. 2010); *Kurtishi v. Cicci*, 270 F. App'x 197, 199-200 (3d Cir. 2008); *Abdala v. INS*, 488 F.3d 1061, 1065 (9th Cir. 2007)).

Here, Defendants have filed a Notice of Mootness and attached a Warrant of Removal showing that Petitioner was removed from the United States on March 24, 2026. (ECF No. 7-1). And counsel for Petitioner agrees Petitioner was removed on March 24, 2026, and does not oppose the dismissal of this action for mootness. (ECF No. 8). Petitioner's request for relief has therefore been rendered moot, and this Court lacks jurisdiction over the habeas petition because Petitioner is no longer in custody. Accordingly, I RECOMMEND that the Court DENY as moot the Petition (ECF No. 1) and DENY AS MOOT Respondent's Motion to Dismiss (ECF No. 6).

## II.     RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant

3

to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; see also 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)].""). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

Petitioner has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

### III. CONCLUSION

For the foregoing reasons, I RECOMMEND that the Court DENY AS MOOT Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) and DENY AS MOOT Respondent's Motion to Dismiss (ECF No. 6). I also recommend that the Court not grant a certificate of appealability.

Dated: April 7, 2026

/s/*Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

4

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the

5

arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).